**Herman SUSANTO, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

**No. 05–6495–AG.**

United States Court of Appeals,
Second Circuit.

Oct. 11, 2006.

Thomas V. Massucci, New York, NY, for Petitioner.

Karin B. Hoppmann, Assistant United States Attorney (Yvette Rhodes, Assistant United States Attorney, on the brief), for Paul I. Perez, United States Attorney for the Middle District of Florida, Tampa, FL, for Respondent.

Present: THOMAS J. MESKILL, BARRINGTON D. PARKER and REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Petitioner Herman Susanto, a citizen of Indonesia, seeks review of a November 10, 2005 order of the BIA affirming the April 29, 2004 decision of Immigration Judge ("IJ") William F. Jankun, which denied Susanto's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See In re Herman Susanto,* No. A 96 427 048 (B.I.A. Nov. 10, 2005), *aff'g* No. A 96 427 048 (Immig. Ct., N.Y. City April 29, 2004). We assume familiarity with the facts and procedural history of this case.

Where, as here, the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the factual findings of the BIA for substantial evidence. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004). Issues of law are reviewed *de novo. See Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

Because Susanto only appealed the denial of his withholding claim to the BIA, we will only review his specific legal arguments related to this claim. *See Gill v. INS,* 420 F.3d 82, 86–87 (2d Cir.2005). Susanto argues that the BIA and IJ failed to consider the cumulative significance of his past experience by instead addressing the severity of each event in isolation. *See Poradisova v. Gonzales,* 420 F.3d 70, 79–80 (2d Cir.2005). **[Blue 13]** But Susanto does not identify a particular part of the BIA's or IJ's ruling in which each alleged incident was evaluated in isolation and deemed insufficient to amount to persecution on its own. To the contrary, the BIA stated "[t]he record also supports the Immigration Judge's finding that, even if credible, [Susanto's] prior *experiences* in Indonesia involving members of the Muslim community, while unfortunate, did not rise to the level of persecution." (Emphasis added.) **[A 2]** Furthermore, the IJ's ruling stated that "although [Susanto] has

described *a number of incidents* ... the Court cannot find that what [Susanto] described to the Court rises to the level of persecution." (Emphasis added.) [A 40] These portions of the BIA's and IJ's rulings indicate that both the BIA and IJ actually considered Susanto's alleged instances of past persecution in the aggregate.

Susanto also argues that the denial of his withholding claim was not supported by substantial evidence. [Blue 14–16] Under the substantial evidence standard, we sustain all findings that are "supported by reasonable, substantial, and probative evidence in the record when considered as a whole." *Secaida–Rosales*, 331 F.3d at 307 (internal quotation marks omitted); *see also* 8 U.S.C. § 1252(b)(4)(B) (providing that administrative findings of fact "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary"). After reviewing the record as a whole, we conclude that substantial evidence supports the BIA's and IJ's conclusion that the events Susanto described do not rise to the level of persecution.

For the reasons stated above, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot.